IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BERRY,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 24-CV-2864 |
| EQUIFAX INFORMATION<br>SERVICES, LLC,<br>    Defendant. | : <br> : <br> : <br> : | |

## MEMORANDUM

**BARTLE, J.**                                                                 **AUGUST 7, 2024**

Plaintiff Jamal Berry initiated this civil action by filing a *pro se* complaint against Equifax Information Services, LLC ("Equifax"). Berry's complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the court will grant Berry *in forma pauperis* status and dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Berry will be given an opportunity to file an amended complaint in the event he can cure the deficiencies identified by the court.

I.     FACTUAL ALLEGATIONS

Berry asserts that he reviewed his consumer credit report on May 23, 2024 and found inaccuracies being reported by Equifax "within the payment history and payment details sections of the report." (Compl. at 2.)[1] He avers that Equifax reported the payment history reflecting a sixty-day late indicator for the month of November 2023 that he asserts is "impossible" because there is no thirty-day late indication prior to that. (*Id.*) Berry also alleges that within the

---

[1] The court adopts the sequential pagination supplied by the CM/ECF docketing system.

payment details history, the report stated that the last payment he made was in May of 2023, which he contends is a "clear inaccuracy in the report." (*Id.*)

On or about May 24, 2024, Berry filed a dispute with Equifax via the Consumer Financial Protection Bureau ("CFPB") online portal. (*Id.*) He allegedly uploaded a screenshot of his latest credit report from Equifax together with a "factual dispute letter outlining the inaccuracies and what was to be expected of the reporting agency." (*Id.*) Berry avers that a dispute was initiated in the Equifax Dispute Center with confirmation number 4149608219, and it was deemed complete on June 4, 2024. (*Id.*) Berry asserts, however, that the inaccuracies were still reflected on his credit report as of June 11, 2024 and he did not receive "the results" as of the filing of his complaint. (*Id.*) Equifax allegedly also failed to indicate that Berry had initiated a dispute in the credit report generated on May 25, 2024. (*Id.*)

Berry claims that Equifax's "inaccurate and misleading information" negatively impacted his credit reputation and lowered his credit score, causing him emotional distress and "several denials of extension of consumer credit." (*Id.* at 3.) He seeks money damages for violation of 15 U.S.C. §§ 1681e(b), 1681i(8)(c), and 1681i(a). (*Id.* at 3-5.)

## II.     STANDARD OF REVIEW

Because Berry appears to be incapable of paying the filing fees to commence this action, the court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The court construes the allegations of the *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III. DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[2]

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the

3

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a plausible claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).  A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

---

Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

To proceed under either Section 1681e(b) or Section 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

Berry asserts several claims based on the alleged failures of Equifax to fulfill its responsibilities under Section 1681e(b) and Section 1681i(a) of the FCRA. (*See* Compl. at 3-5.) Specifically, he contends that Equifax: failed to follow reasonable procedures to assure maximum possible accuracy of the disputed tradeline information when preparing Berry's credit reports, in violation of Section 1681e(b); failed to indicate that Berry disputed the inaccurate information contained on his account, in violation of Section 1681i(a)(8)(C); and violated

5

Section 1681i(a)(6) by failing to provide written notice of the results of the reinvestigation no later than five business days after the completion of the reinvestigation. (*Id.*)

As noted above, to proceed under either Section 1681e(b) or Section 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. The allegations of inaccuracies in Berry's complaint are undeveloped. Berry alleges that Equifax reported inaccuracies "within the payment history and payment details sections" of his May 23, 2024 credit report. (Compl. at 2.) He contends that Equifax reported a sixty-day late indicator for November 2023 that is "impossible" because there is no thirty-day late indication prior to that. (*Id.*) Berry also contends that the notation of a last payment in May of 2023 is a "clear inaccuracy in the report," but he does not offer any further details about why information in his report was factually wrong or explain how any information is inaccurate. (*Id.*) Berry also does not identify the account or accounts that allegedly contain inaccurate information. In short, he has not clearly set forth facts describing precisely what account contained inaccurate information that was included in his consumer report, nor alleged any facts about how the information was inaccurate.

In *Williams v. Experian Information Solutions, Inc.*, the United States Court of Appeals for the Third Circuit affirmed the dismissal of a plaintiff's FCRA claims that consisted "almost entirely of conclusory allegations" of "inaccurate" information. 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*). The court found that the plaintiff failed to "allege how or why . . . [the information at issue] was inaccurate or how Experian should have reported it. Without any allegations in that regard, . . . [the plaintiff's] complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." *Id.* The court pointed out, as an example, that the plaintiff "did not specify

whether the . . . account information was inaccurate because he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Id.* at *1 n.2. Berry's complaint similarly lacks factual support and simply does not allege how the information is inaccurate. As pled, the complaint does not permit the reasonable inference that the information contained in Berry's Equifax consumer report is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer*, 441 F. App'x at 902.

Even under a liberal construction of the complaint, Berry has failed to allege sufficient facts to support a plausible inference of a claim under Section 1681e(b) or Section 1681i(a). *See, e.g.*, *Cook v. TransUnion*, Civ. A. No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, Civ. A. No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy,'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, Civ. A. No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, Civ. A. No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). *Accord Hill v. Genesis F.S. Card Servs.*, Civ. A. No. 21-4232, 2021 WL 5865610, at *2 (E.D. Pa. Dec. 10, 2021) (dismissing FCRA claim on

statutory screening where the plaintiff did not, *inter alia*, "make any allegations regarding the specific nature of the false and inaccurate information").

Furthermore, while Berry alleges that Equifax failed to comply with the statutory requirements of Section 1681e(b) and Section 1681i(a), his allegations concerning Experian's actions, or lack thereof, are merely conclusory. *See* Compl. at 2-5; *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Berry's claims based on violations of Section 1681e(b) and Section 1681i(a) cannot proceed as pled. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, Civ. A. No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

**IV.   CONCLUSION**

For the foregoing reasons, the court will dismiss Berry's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Berry will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against Equifax. An appropriate Order follows, which provides further instruction as to amendment.